# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2673
_____

United States of America

*Plaintiff - Appellee*

v.

Rashie Keys

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: January 21, 2016
Filed: January 27, 2016
[Unpublished]
_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.
_____

PER CURIAM.

As a result of symptoms and behaviors Rashie Keys exhibited before he was due to be released from federal prison, the United States filed a petition under 18 U.S.C. § 4246, which provides for a person's commitment to the custody of the Attorney General for hospitalization and treatment in a suitable facility, if state placement is unavailable and the person is found, by clear and convincing evidence,

to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person, or serious damage to the property of another. See 18 U.S.C. § 4246(d). After a hearing, the district court[1] found that commitment was appropriate, and Keys appeals.

Having reviewed the record, we find no clear error. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002) (factual determinations underlying § 4246 decision are clearly erroneous when reviewing court is left with definite and firm conviction that mistake was made). The mental health professionals who evaluated Keys diagnosed schizophrenia and antisocial personality disorder, and opined that, because records revealed a link between Keys's violent behavior and mental illness, his release would create a substantial risk of bodily injury to another person or serious property damage. Keys refused to be evaluated by an independent psychologist, who could not render an opinion. Given Keys's diagnosis and evidence demonstrating his lack of insight concerning his mental condition and a history of noncompliance with treatment and related deterioration of symptoms and behaviors, we reject Keys's challenge to the sufficiency of the evidence. See id. at 676-77; United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994). We also reject his pro se arguments on appeal related to the timing of the hearing, the district court's jurisdiction, the conditions at the treatment facility, his counsel's performance, and his completion of his sentence.

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.